IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00073-MR

| | |
|---|---|
| KIMELA DAWN LEWIS,            )<br>                                                     )<br>              Plaintiff,              )<br>                                                     )<br>vs.                                              )<br>                                                     )<br>KILOLO KIJAKAZI,[1] Commissioner )<br>of Social Security,                      )<br>                                                     )<br>              Defendant.           )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment [Doc. 16].

## I.    PROCEDURAL HISTORY

The Plaintiff, Kimela Dawn Lewis ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of April 22, 2017. [Transcript ("T.") at 143]. The Plaintiff subsequently amended her alleged onset date to March 15, 2009. [Id. at 145]. The Plaintiff's application was denied initially on

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

February 12, 2018, and upon reconsideration on April 16, 2018. [Id. at 63, 72]. Upon the Plaintiff's request, a hearing was held on November 5, 2019, the Plaintiff amended her alleged onset date to September 19, 2012. [Id.]. On November 17, 2019, the ALJ issued a written decision granting the Plaintiff benefits, finding that the Plaintiff was disabled within the meaning of the Act since the alleged onset date of September 19, 2012, to her date last insured ("DLI") of September 30, 2014. [Id. at 24, 26]. The Appeals Council ("AC") reviewed the decision on its own motion and issued a decision denying the Plaintiff benefits on August 12, 2020, thereby making the AC's decision the final decision of the Commissioner. [Id. at 8]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Judicial review of a final decision of the [Commissioner] which is at odds in its factual findings with that of an ALJ focuses upon the [Commissioner]'s decision rather than the ALJ's." Kellough

v. Heckler, 785 F.2d 1147, 1149 (4th Cir. 1986). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when [the Commissioner] has applied correct legal standards and the [Commissioner's] factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the Commissioner's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the [Commissioner] found credible and why,

3

and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

**III.    THE SEQUENTIAL EVALUATION PROCESS**

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

5

Case 5:21-cv-00073-MR   Document 20   Filed 09/26/22   Page 5 of 13

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION AND SUBSEQUENT REVIEW

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since September 19, 2012, the amended alleged onset date, and that the Plaintiff meets the insured status requirements through September 30, 2014. [T. at 24]. At step two, the ALJ found that the Plaintiff has severe impairments, including: degenerative disc disease, osteoarthritis, diabetes, hypertension, acid reflux, migraines, anxiety, and depression. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff,

notwithstanding her impairments, has the RFC: "to perform the full range of sedentary work as defined in 20 CFR 404.1567(a)." [Id.]

At step four, the ALJ identified the Plaintiff's past relevant work as a custom embroiderer, framing manager, and a department manager. [Id. at 25]. The ALJ observed, however, that the Plaintiff is "unable to perform any past relevant work." [Id.]. At step five, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that the Plaintiff can perform. [Id. at 26]. The ALJ therefore concluded that the Plaintiff was "disabled" as defined by the Social Security Act from September 19, 2012, the alleged onset date, through September 30, 2014, the date last insured ("DLI"). [Id. at 26].

On January 7, 2020, the Appeals Council sent the Plaintiff notice that it had decided on its own motion to review the decision in the Plaintiff's case, citing its findings that the decision was not supported by substantial evidence and that there had been an error of law. [Id. at 133]. The AC notified the Plaintiff that she could sent a statement about the facts and the law in her case or additional evidence within thirty days of January 7, 2020. [Id. at 137]. The AC also notified the Plaintiff that she could ask for an appearance before the AC and that appearance would be granted if "[t]here is an important

7

question of law or policy" or "[o]ral argument would help us reach a proper decision." [Id.].

On February 6, 2020, the Plaintiff, through counsel, responded to the AC's notice of review, asserting that the ALJ's decision was "sufficiently supported based on consideration for post-DLI evidence and testimony at the hearing." [Id. at 212-13]. On August 12, 2020, the AC issued a decision denying the Plaintiff benefits. [Id. at 1]. At step one, the AC found that the Plaintiff has not engaged in substantial gainful activity since September 19, 2012, the amended alleged onset date, and that the Plaintiff meets the insured status requirements through September 30, 2014. [Id. at 7]. At step two, the AC found that, from the alleged onset date to the date last insured, the Plaintiff did not have a medically determinable severe impairment that met the durational requirements under 20 CFR 404.1509 and 404.1520. [Id. at 7]. Therefore, the AC did not proceed to step three and found the Plaintiff not disabled as defined in the Social Security Act at any time through September 30, 2014.

## V. DISCUSSION[2]

As one of her assignments of error, the Plaintiff argues that the ALJ and AC failed to develop a full record. [See Doc. 10 at 9]. The Defendant, on the other hand, argues that there is no deficiency or unfairness in the development of the record. [Doc. 17 at 10].

The Fourth Circuit has emphasized that the Commissioner "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding an ALJ's "failure to ask further questions and to demand the production of further evidence" was "neglect of his duty to develop the evidence"). When the evidence in the record is insufficient to make a determination of disability, the Commissioner should take action to develop the record, including "recontact[ing] [the claimant's] medical source;" "request[ing] additional existing evidence;" or "ask[ing] [the claimant] or others for more information." 20 C.F.R. § 416.920b(2).

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Here, the ALJ failed to inquire into the Plaintiff's condition at her hearing and the AC compounded that failure by issuing a decision instead of remanding for further development of the record. A key question for the Plaintiff's disability determination is whether she was suffering from degenerative disc disease during the two-year period between her alleged onset date and her date last insured, and, if so, whether such disease qualified as a "severe impairment" due to its interference with the Plaintiff's ability to work. [T. at 4, 25]. And key to answering this question is whether sufficient rationale exists to permit an inference of linkage between the Plaintiff's post-DLI evidence of degenerative disc disease with her condition pre-DLI. [Id. at 4]. However, at the Plaintiff's hearing, the ALJ failed to engage in even the most basic line of questing to ascertain the Plaintiff's symptoms during the relevant pre-DLI period. When the Plaintiff attempted to tell the ALJ that she had been laid off because she was in such intense pain she could not work, the ALJ asked just one follow-up question related to her symptoms ("where were you hurting") before abruptly changing topic to a discussion with the Plaintiff's attorney about amending the Plaintiff's alleged onset date. [See id. at 38].

For its part, the AC did little to remedy the failures of the ALJ. The Plaintiff submitted a letter to the AC, reiterating that evidence contained in

10

the record of the Plaintiff's post-DLI spine condition was properly considered by the ALJ to permit an inference of linkage to establish severe impairment. [Id. at 212]. The AC's response to that evidence was that "such an inference is not supported by the evidence of record." [Id. at 4]. While the AC states that its conclusion on that point is discussed later in its decision, its only other mention of the spine evidence is to state that the evidence of spine impairment is from almost a year post-DLI. [Id. at 5]. Missing from the AC's decision is any rationale as to *why* the evidence is insufficient to permit an inference of linkage between the Plaintiff's condition a year post-DLI and her condition during the relevant time period. If record evidence exists to support its conclusion, the AC failed to cite it. If insufficient evidence exists to conclude whether an inference of linkage is permissible, then the AC had the duty to take action to develop the record on that point.

Both the ALJ's decision and the AC's decision are perfunctory and largely devoid of explanation. To the extent there is any explanation at all, it is not sufficient to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). If no such logical bridge could be built due to an absence of record evidence—namely, the Plaintiff's own testimony about her symptoms during

the relevant insured time period—then the AC should have remanded to the ALJ for further development of the record.

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the AC's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. Upon remand, the ALJ must fully develop the record by affording the Plaintiff the meaningful opportunity to provide narrative testimony about her symptoms and through any other means necessary to fulfill the Commissioner's duty to develop evidence.

In light of this decision, the Plaintiff's other assignments of error need not be addressed at this time but may be addressed by her on remand.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED** and the Defendant's Motion for Judgment for Summary Judgment [Doc. 16] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 26, 2022

Martin Reidinger
Chief United States District Judge